**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| DAVID BRIAN ELLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>GLYNN COUNTY, GEORGIA,<br><br>Defendant. | CIVIL ACTION NO.: 2:26-cv-75 |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action against Glynn County, Georgia. Doc. 1. The Court now conducts its frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's access-to-courts claim. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's First Amendment claim against Defendant Glynn County, Georgia by separate Order.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff's allegations concern a series of documents that Plaintiff argues Defendant improperly disclosed to private parties. Doc. 1. Plaintiff publishes a "digital

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283,1289 (11th Cir. 2017).

newsroom" through which he publishes content about Brunswick and Glynn County, Georgia. Id. at 1. Plaintiff obtained statements, ostensibly for a story on his website, from "current and former officers of the Brunswick Police Department" in "spring and early summer of 2026" concerning "the conduct of their department's leadership." Id. at 7. These officers "did so on the express condition that their identities not be disclosed." Id. Then, on June 15, 2026, Plaintiff "transmitted the compiled material to Glynn County Police Chief Bryan D. Sipe, with a copy to Special Agent Jaseon Seacrist of the Georgia Bureau of Investigation." Id. The correspondence included a line that read: "PRIVATE AND CONFIDENTIAL DO NOT OUT MY SOURCES." Id. Plaintiff also stated in the message, "To be clear at the outset: this is not an open records matter." Id. Plaintiff also has or had several other pending cases in the Glynn County courts and this Court. Id. at 4–5.

On July 9, 2026, Defendant received an open records request seeking email correspondences between Plaintiff and Brian Sipe. Id. at 8. Defendant released 28 documents in response to the request, 23 of which Plaintiff alleges were not responsive and which included 119 pages of the officer statements he had previously sent to Brian Sipe and labeled "private and confidential." Id. at 9. Defendant received three other open records requests on July 24, 2026, and Defendant produced the same 119 pages of officer statements as were disclosed in response to the July 9th request. Id. at 10. The individual who made the request was Plaintiff's opposing party in separate litigation in

Glynn County Magistrate Court. Id. Defendant made the disclosure within 47 minutes of the request. Id. Plaintiff alleges that the disclosure included "his pre-hearing briefs, his memorandum of law, his motions, and his unfiled federal complaint against the County itself."[2] Id.

Plaintiff asserts two claims for relief. First, Plaintiff alleges that Defendant violated the First Amendment by disclosing his confidential sources to a third party. Plaintiff alleges that he was engaged in protected First Amendment activity, that disclosing these sources' identities would chill First Amendment speech, this disclosure did in fact chill his First Amendment speech, that Defendant made the disclosure with "actual knowledge," and that Defendant acted with "malice, willfulness, and reckless indifference to Plaintiff's federally protected rights." Id. at 13.

Next, Plaintiff alleges that Defendant denied him access to the courts by disclosing to an opposing party in a separate litigation "within forty-seven minutes of that party's request, Plaintiff's pre-hearing briefs, memorandum of law, motions, and his unfiled draft federal complaint against Defendant." Id. Plaintiff asserts that these documents were protected work product and their disclosure resulted in prejudice to his litigation position. Id. at 14.

---

[2] Plaintiff does not specify how Defendant obtained these documents, other than to say that Defendant received the unfiled complaint "through its own county attorney's transmission to its liability carrier." Doc. 1 at 7. Plaintiff makes no allegation that Defendant's possession of these documents alone was in any way improper or unknown to him.

## DISCUSSION

### I. Standard of Review

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## II. Plaintiff Fails to State an Access-to-Courts Claim

Plaintiff alleges that he was deprived of meaningful access to the courts because Defendant "delivered to Plaintiff's opposing party in the then-pending litigation, within forty-seven minutes of that party's request, Plaintiff's pre-hearing briefs, memorandum of law, motions, and his unfiled draft federal complaint against Defendant." Doc. 1 at 13.

The First Amendment protects the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. To establish standing to assert an access-to-courts claim, a Plaintiff must demonstrate an "actual injury." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). In this context, an actual injury "means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." Cunningham v. Dist. Attorney's Office, 592 F.3d 1237, 1271 (11th Cir. 2010).

Plaintiff fails to demonstrate an actual injury because he does not allege that he was prevented from vindicating an underlying cause of action by any denial of access to courts. Plaintiff alleges that he has or had a separate pending cause of action in Glynn County Magistrate Court and Glynn County Superior Court, but he does not specify what those causes of action are. Doc. 1 at 10. Plaintiff alleges that Defendant disclosed

the documents in question to the opposing party in that litigation but critically does not allege that the vindication of his claims was *prevented* by the alleged conduct. Plaintiff makes no allegations about the status of those claims, what the claims were, or how the alleged disclosure prevented him from presenting the claims. He simply alleges that his "litigation position was prejudiced." Id. at 14. Because Plaintiff alleges no direct evidence of deterrence, this allegation does not demonstrate any actual injury.

## CONCLUSION

For the above reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's access-to-courts claim. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's First Amendment claim against Defendant Glynn County, Georgia by separate Order.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written

objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED AND RECOMMENDED**, this 7th day of October, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA